UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-21488-CIV-HUCK/O'SULLIVAN

JOSE ERNESTO MARTINEZ,

        Plaintiff,

vs.

PUBLIC STORAGE,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Plaintiff's Motion for Attorneys' Fees, Litigation Expenses and Costs (DE # 116, 12/2/09). On December 3, 2009, the Plaintiff's Motion for Attorneys' Fees, Litigation Expenses and Costs (DE # 116, 12/2/09) was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Paul C. Huck, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b). (DE # 125, 12/3/09).  Having held a hearing on March 18, 2010, on the Plaintiff's Motion for Attorneys' Fees, Litigation Expenses and Costs (DE # 116, 12/2/09), and having reviewed the applicable filings and law, the undersigned respectfully recommends that the Plaintiff's Motion for Attorneys' Fees, Litigation Expenses and Costs (DE # 116, 12/2/09) be **GRANTED IN PART AND DENIED IN PART** as more fully discussed below.

## BACKGROUND AND FACTS

On June 2, 2009, the plaintiff filed a Complaint with this Court (DE # 1, 6/2/09) pursuant to Title II of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C.

§ 12181.  See Complaint.  On August 17, 2009, the plaintiff filed the first Amended Complaint (DE # 16, 8/17/09).  On October 16, 2009, the plaintiff filed a Motion to Certify Class (DE # 70, 10/16/09) and a Motion to Withdraw the Motion to Certify Class on October 21, 2009 (DE # 86, 10/21/09), which was granted by Judge Huck on October 22, 2009 (DE # 89, 10/22/09).

The plaintiff sought to certify a class of individuals in the State of Florida confined to wheelchairs.  In support of the notion that treatment as a class was appropriate, the plaintiff alleged: **(1)** the facilities of the defendants in the State of Florida contained common barriers; **(2)** an intentional architectural design resulted in the barriers; and **(3)** that the defendant had a discriminatory policy against those who are disabled. (See, DE # 116, at p.2, citing to DE # 70).  According to the plaintiff, after being informed by the Court that it was not likely that "the class mechanism could be employed in this particular case, Plaintiff withdrew its motion for class certification."  (Plaintiff's Motion for Fees, DE # 116 at p. 2).

On October 30, 2009, a Joint Notice of Settlement was filed with the Court (DE # 109, 10/30/09).  An Agreed Motion that the Court Approve the Consent Decree (DE # 114, 11/13/09) was filed on November 13, 2009.  A Final Order of Dismissal (DE # 115, 11/16/09) was entered by Judge Huck on November 16, 2009.

As a result of this lawsuit, changes were made to only one facility.  The facility is located on NW 14th Street, in Miami, Florida, and is the facility closest to the plaintiff's residence.

On December 2, 2009, the plaintiff filed the Plaintiff's Motion for Attorneys' Fees,

2

Litigation Expenses and Costs (DE # 116, 12/2/09).  On December 21, 2009, the defendants filed a response  (DE # 128, 12/21/09).  On December 29, 2009, the plaintiff filed a reply (DE # 129, 12/29/09).

In September 2009, the defendant made a Rule 68 Offer of Judgment to the plaintiff (DE # 128, at p. 20), which the plaintiff rejected because of an unethical notice provision in the Offer.[1]

## ANALYSIS

### Entitlement to Fees, Costs, Litigation Expenses, and Expert's Fees and Costs

Fees are permitted pursuant to Title 42 U.S.C. § 12205, which provides in pertinent part:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . .

42 U.S.C. § 12205;

The defendant argues that the plaintiff is not the prevailing party because the defendant did not make the changes to the 14th Street facility based on the merits of the case, the violations were technical, and the violations did not impair the plaintiff's use and enjoyment of the facility.  The defendant asserts that the plaintiff was asking for relief for 191 facilities in the State of Florida, and only obtained relief at one facility.  The plaintiff argues that the defendant entered into a consent decree regarding this matter.

---

[1] Counsel for the plaintiff noted in the hearing that similar Offers of Judgment were made in cases in New York and Texas, and once the "Notice Provision" was eliminated, the plaintiffs in those cases accepted the Offers of Judgment.

3

The undersigned disagrees with the defendant that the violations were technical and finds that the violations were substantive violations. The undersigned finds that because changes were made to one of the defendant's facilities as a result of this lawsuit, the plaintiff is the prevailing party in this matter.

In <u>Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources</u>, 532 U.S. 598 (2001), the Supreme Court expressly stated that "the 'catalyst theory' is not a permissible basis for an award of attorney's fees under . . . ADA, 42 U.S.C § 12205." <u>Id</u>. at 610. Rather, there must be language in the court order of dismissal signaling an "alteration in the legal relationship of the parties." <u>Id</u>. at 605. Specifically, the Court stated that it has only awarded attorney fees where a plaintiff had received a judgment on the merits, or where a plaintiff obtained a court-ordered consent decree. <u>See id</u>. In the present case, there was a consent decree.

The Eleventh Circuit, in expanding upon <u>Buckhannon</u>, has held that a judgment on the merits and a court-ordered consent decree are not the only avenues by which a party may move for an award of attorney fees. <u>Smalbein v. City of Daytona Beach</u>, 353 F.3d 901, 906 (11th Cir. 2003). Specifically, the Eleventh Circuit has stated that orders adopting the terms of a settlement and orders retaining jurisdiction to enforce a settlement function as consent decrees and thus can merit an award of attorney fees. <u>Id</u>.

Further, <u>Goss v. Killian Oaks House of Learning</u>, 248 F.Supp.2d 1162, 1167 (S.D. Fla. 2003), holds that "a court's approval of a settlement or retention of jurisdiction to enforce a settlement is a judicially sanctioned change in the legal relationship of the

4

parties," and is sufficient to establish the existence of a prevailing party for the purpose of awarding attorney fees. Orders reserving the right to award attorney fees are sufficient to establish the existence of a prevailing party. See Id. The Eleventh Circuit explained in Utility Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002):

> Prior to Buckhannon, courts attempted to determine whether a party was a "prevailing party" for the purpose of recovering attorneys' fees primarily by weighing the relief obtained against the relief sought. See e.g. Fletcher v. City of Fort Wayne, 162 F.3d 975, 976 (7th Cir. 1998)("A plaintiff who recovers only nominal damages technically 'prevails,' . . . but a judge has discretion to withhold fees when damages are tiny in relation to the claim . . . . In other words, for trivial recoveries the only reasonable award of fees is zero."). In Buckhannon, however, the Supreme Court defined a prevailing party as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded." 532 U.S. at 603, (quoting Black's Law Dictionary 1145 (7th ed. 1999)). . . [A] material alteration of the legal relationship of the parties" is necessary to permit an award. Id. at 604 (quoting Texas State Teachers Ass'n v. Garland Independent School District, 489 U.S. 782 (1989)). The [Buckhannon] Court gave two examples of judicial outcomes that satisfy this requirement: an enforceable judgment on the merits or a settlement agreement enforced through a court-ordered consent decree.

Id.

The Eleventh Circuit has also applied Buckhannon to cases in which the court retained jurisdiction to enforce a settlement agreement in ADA cases. See American Disability Assoc., Inc. v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002). Under Chmielarz, a party may be the "prevailing party" in an ADA suit where the parties enter into a settlement agreement.

> Thus, it is clear that, even absent the entry of a formal consent decree, if the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement. Its authority to do so clearly establishes a "judicially sanctioned change in the legal relationship of the parties," as required by Buckhannon, because the

5

plaintiff thereafter may return to court to have the settlement enforced.

Chmielarz, 289 F.3d at 1320.

The defendant argues that the plaintiff should not recover any fees after the date on which the defendant made the Rule 68 Offer of Judgment, September 10, 2009, because the plaintiff unreasonably rejected the offer of judgment which would have made changes to eight facilities, not just the one with respect to which the plaintiff was found to have standing, and would have given the plaintiff a reasonable set amount of attorney's fees. The undersigned finds that the plaintiff did not accept the Rule 68 Offer of Judgment because the plaintiff thought the Offer was unethical.  The final agreement entered into by the parties does not contain the language contained in the initial offer regarding notice.  Accordingly, the undersigned finds that the final agreement is not the same as the initial Offer of Judgment.

**Reasonable Fees**

The plaintiff seeks a total of $419,130.25 in attorney's fees in this matter.  The plaintiff claims that he is entitled to $372,610.25 in attorney fees for the work performed on this case related to the removal of the barriers at the defendant's 14th Street facility. The plaintiffs' counsel claims reimbursement for 1274.15 hours in attorney time to obtain the removal of the barriers at the defendant's 14th Street facility.[2]  The $372,610.25 fee request includes: **(1)** 10.70 hours at a rate of $600.00 per hour for Allan Kanner, Esq., for a total of $6,420.00; **(2)** 85.50 hours at a rate of $550.00 per

---

[2]The 14th Street facility is the facility that is the subject of the consent decree in this matter.

hour for Wayne Kreger, Esq., for a total of $47,025.00; **(3)** 61.90 hours at a rate of $475.00 per hour for Conlee Whiteley, Esq., for a total of $29,402.00; **(4)** 285.70 hours at a rate of $325.00 per hour for Gillian Wade, Esq., for a total of $92,852.50; **(5)** 200.80 hours at a rate of $300.00 per hour for Brain Ku, Esq., for a total of $60,240.00; **(6)** 103.80 hours at a rate of $300.00 per hour for Louis Mussman, Esq., for a total of $31,140.00; **(7)** 291.60 hours at a rate of $250.00 for Ryan Casey, Esq., for a total of $72,900.00; **(8)** 67.25 hours at a rate of $175.00 per hour for Sara Avila, Esq., for a total of $11,768.75; and **(9)** 166.90 hours at a rate of $125.00 per hour for AMT (a paralegal), for a total of $20,862.00.

The plaintiff claims that he is entitled to $12,687.50 in attorney fees for the work on this case related to the barrier removal at the seven Florida facilities the plaintiff had allegedly visited. The Court found the plaintiff did not have standing regarding the barriers at those locations. The plaintiffs' counsel claims reimbursement for 47.80 hours in attorney time related to the work performed regarding these seven facilities. The $12,687.50 fee request includes: **(1)** 0.50 hours at a rate of $475.00 per hour for Conlee Whiteley, Esq., for a total of $237.50; **(2)** 0.20 hours at a rate of $325.00 per hour for Gillian Wade, Esq., for a total of $65.00; **(3)** 11.00 hours at a rate of $300.00 per hour for Brain Ku, Esq., for a total of $3,300.00; **(4)** 11.20 hours at a rate of $300.00 per hour for Louis Mussman, Esq., for a total of $3,360.00; **(5)** 20.90 hours at a rate of $250.00 for Ryan Casey, Esq., for a total of $5,225.00; **(6)** 4.00 hours at a rate of $125.00 per hour for AMT (a paralegal), for a total of $500.00.

The plaintiff claims that he is entitled to $33,832.50 in attorney fees for the work

performed on this case related to his attempt to certify a statewide class. The plaintiffs' counsel claims reimbursement for 117.30 hours in attorney time related to this work. The $33,832.50 fee request includes: **(1)** 5.30 hours at a rate of $600.00 per hour for Allan Kanner, Esq., for a total of $3,180.00; **(2)** 2.50 hours at a rate of $550.00 per hour for Wayne Kreger, Esq., for a total of $1,375.00; **(3)** 7.70 hours at a rate of $475.00 per hour for Conlee Whiteley, Esq., for a total of $3,657.50; **(4)** 27.10 hours at a rate of $325.00 per hour for Gillian Wade, Esq., for a total of $8,807.50; **(5)** 7.00 hours at a rate of $300.00 per hour for Brain Ku, Esq., for a total of $2,100.00; **(6)** 5.00 hours at a rate of $300.00 per hour for Louis Mussman, Esq., for a total of $1,500.00; **(7)** 43.00 hours at a rate of $250.00 for Ryan Casey, Esq., for a total of $10,750.00; **(8)** 19.70 hours at a rate of $125.00 per hour for AMT (a paralegal), for a total of $2,462.50.

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on the litigation, together with the customary fee charged in this community for similar legal services. See Hensley v. Eckerhart, 461 U.S. 424 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar." Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee. See Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

   1.   <u>Reasonable Hourly Rate</u>

The Court must first evaluate plaintiff's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the Court must

consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541 (1984).

In determining the prevailing market rates the Court should consider several factors including the attorney's "customary fee; skill required to perform the legal services properly; the experience, reputation and ability of the attorney; time limitations; preclusion of other employment; contingency; undesirability of the case; nature and length of professional relationship with the client, and awards in similar cases."  Dillard v. City of Elba, 863 F. Supp. 1550, 1553 (M.D. Ala. 1993).

The plaintiffs' counsel is seeking to be reimbursed at a rate of $600.00 per hour for Allan Kanner, Esq., a rate of $550.00 per hour for Wayne Kreger, Esq., a rate of $475.00 per hour for Conlee Whiteley, Esq., a rate of $325.00 per hour for Gillian Wade, Esq., a rate of $300.00 per hour for Brain Ku, Esq., a rate of $300.00 per hour for Louis Mussman, Esq., a rate of $250.00 for Ryan Casey, Esq., a rate of $175.00 per hour for Sara Avila, Esq., and a rate of $125.00 per hour for AMT (a paralegal).  The defendant argues that some of the hourly rates are excessive and should be reduced and that the case was overstaffed by the plaintiff.  The plaintiff argues that the rates are not excessive and that the case was not overstaffed. The Court is generally familiar with the rates charged in the Southern District of Florida.  While the Court recognizes that Allan Kanner, Esq., Wayne Kreger, Esq., and Conlee Whiteley, Esq., are all skilled attorneys, hourly rates in excess of $300.00 in an ADA case are not warranted.

Accordingly, the Court finds that an hourly rate of $300.00 for Allan Kanner, Esq., Wayne Kreger, Esq., and Conlee Whiteley, Esq., Brain Ku, Esq., and Louis Mussman, Esq. is reasonable in this matter. The undersigned further finds that an hourly rate of $250.00 for Ryan Casey, Esq., an hourly rate of $175.00 for Sara Avila, Esq., and an hourly rate of $125.00 for the paralegal AMT, are all reasonable hourly rates in this case.

      2.      <u>Hours Reasonably Expended</u>

The plaintiff has supported the fee request by submitting billing statements. The defendant argues that the plaintiff's fees are unreasonable because the number of hours billed by the three law firms working on this case are duplicative, the plaintiff overstaffed the case by having more than one attorney present at depositions and hearings, the bills by the attorneys and the experts do not indicate the tasks done, most of plaintiff's attorney's time was for allegations for which the plaintiff lacked standing, the plaintiff was warned by Judge Huck that litigating while there was lack of standing would affect the fees, the plaintiff failed to receive most of the relief sought by the plaintiff, and the plaintiff unreasonably rejected the defendant's Offer of Judgment. (DE # 128, at pp. 2-3). During the hearing before the undersigned, counsel for the defendant argued that this case should not have been brought as a class action and the plaintiff is not entitled to fees related to the bringing of a class action.

The plaintiff argues that it was the tactics used by the defendant throughout the litigation that increased the plaintiff's fees in this matter, that the legal theories argued by the defendant and the tactics used by the defendant made it necessary for the plaintiff to incur all the fees and costs that he did, including the defendant arguing that

the ADA did not apply to the defendant and that there were no barriers at the defendant's facilities.  The plaintiff also argues that the Rule 68 offer was unethical, and the claims by the defendant of the plaintiff charging excessive rates and overstaffing the case are unfounded.

The plaintiff argues that all of the attorney time was required to obtain the removal of the barrier at the defendant's 14th Street facility because this case consisted of intense and highly contested discovery, nine depositions, legal research to counter the defendant's assertion that the defendant was immune from the ADA, many filings, an inspection of the facility and the preparation for trial as the case settled right before trial.

The plaintiff argues that the plaintiff is entitled to recover all of the attorney time regarding the seven facilities for which he did not have standing.  In support of this notion, the plaintiff cites to Rozell v. Ross-Holst, 576 F.Supp.2d 527, 538 (S.D.N.Y. 2008), which states that "a court should not disallow fees for every motion that a prevailing party did not win.  Reasonable paying clients may reject bills for time spent on entirely fruitless strategies while at the same time paying their lawyers for advancing plausible though ultimately unsuccessful arguments."  Rozell, at 538.

The plaintiff argues that the plaintiff is entitled to recover all of the attorney time regarding the work done in an attempt to certify a class, because the plaintiff had a very plausible argument for the certification of a class.  The plaintiff argues that the plaintiff's expert revealed that there were common barriers and that through discovery it was revealed that the defendant's facilities shared a "common architectural design".

In considering a fee application, a court should exclude from the initial fee calculation hours that were not reasonably expended.  Hensley, 461 U.S. 424, 434.  The calculation of the lodestar based on twelve factors was set forth in the Fifth Circuit case of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).  The Supreme Court noted in Hensley that while district courts may consider the factors identified in Johnson, the Court should also note that "many of the factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."  Hensley, 461 U.S. at 434 n.9.  As an objective basis on which to make the initial estimate of the fee award, this Court may rely on the calculation of hours reasonably expended multiplied by a reasonable hourly rate.  Hensley, 461 U.S. at 433; Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994).

"This 'lodestar' may then be adjusted for the results obtained."  Loranger, 10 F.3d at 781.  "A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."  Hensley, 461 U.S. at 440.  It remains to this Court to determine what fee is reasonable.  Hensley, 461 U.S. at 433.  A court may rely on affidavits and its own knowledge and expertise in making fee determinations.  ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  Lastly, courts should bear "in mind that 'the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done.'"  Barnes, 168 F.3d at 432 (citing Norman, 836 F.2d at 1306).

The plaintiff maintains that the public interest was served by the results achieved by the plaintiff and the fact that the defendant signed a consent decree in this matter

was a huge accomplishment.  The plaintiff further maintains that all of the plaintiff's litigation in this case was necessary for the outcome of the case.  The local counsel of Ku and Mussman, P.A. were the attorneys with the ADA experience and the Louisiana and California firms were the class action attorneys.

At the hearing before the undersigned, counsel for the defendant argued that if a fee is awarded, all the time spent on the class action should be eliminated, and only 12.5% (1/8) of the time left should be awarded to the plaintiff.  This is because changes were only made to one facility when the plaintiff sought changes at eight facilities.  The defendant asserted at the hearing that 75-80% of the attorney work dealt with the class action, and 20-25% dealt with the eight facilities, and that the plaintiff should only get 12.5% of the 20-25%.  In the alternative, at the hearing, defense counsel suggested awarding the hours requested by Ku and Mussman, P.A., at an hourly rate of $200.00 per hour.  The undersigned agrees with the defendants that the plaintiff should not recover for hours spent on the class action.  The undersigned finds that the plaintiff unsuccessfully pursued a class action in this matter, and when the plaintiff realized that a class in this case would not be certified, the plaintiff settled the case. The plaintiff should not be awarded any fees for the pursuit of a class action.  The undersigned finds that the plaintiff should receive compensation for the hours for which Ku and Mussman, P.A. requests reimbursement regarding the 14th Street property.  Ku and Mussman P.A., request compensation for a total of 338.80 hours.  The 338.80 hours should be reduced by 12 hours requested by Ku and Mussman, P.A. that relate to certification of a class, and 22.2 hours related solely to the other seven properties, resulting in a 34.2 hour reduction of the Ku and Mussman, P.A. hours.  The remaining 304.60 hours relate

to the 14th Street property and should be compensated. The hours claimed by the law firms other than Ku and Mussman, P.A., with the exception of the work done by Kanner and Whiteley regarding fees, all related to work for which the undersigned finds that the plaintiff is not entitled to recover fees.

Kanner and Whiteley requests reimbursement for 6.80 hours at a rate of $250.00 per hour (total amount $1,700.00) for the work done by Ryan Casey regarding fees and 2.90 hours at a rate of $125.00 per hour (total amount $362.50) for the work done by paralegal AMT regarding fees, for a total amount of $2,062.50.[3] The undersigned finds that the plaintiff is entitled to recover fees for the work done on the fees motion and that the requested amount of time is reasonable and the hourly rates are reasonable. The undersigned recommends that the plaintiff recover $2,062.50 in fees for the work performed on the fees application by Kanner and Whiteley personnel.

The plaintiff submitted counsels' time sheets in support of the fee request and the Court has reviewed them. In reviewing the time sheets, the Court appreciates the need for attorneys to identify the subject matter of their time expenditures. Hensley, 461 U.S. at 437. If there is inadequate documentation or if the Court finds a claim for hours to be "excessive or unnecessary" the court may reduce the number of hours for which fees will be awarded. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also F.H. Krear & Co. V. Nineteen Named Trustees, 810

---

[3] Pursuant to a review of the bills attached to the instant Motion as Exhibit K, it appears that $2,062.50 for work done by the law firm of Kanner and Whiteley is the total amount the plaintiff is claiming for the work done on the fees motion. The bills submitted by Ku and Mussman, P.A. and Milstein, Adelman, & Kreger, LLP, do not appear to show work performed on the fees motion.

F.2d 1250, 1265 (2d Cir. 1987) ("Where adequate contemporaneous records have not been kept, the court should not award the full amount requested.")

After reviewing the bills submitted by the plaintiff for the work performed by Ku and Mussman, P.A. in this matter, the undersigned finds that the amount of time claimed was not excessive, nor was any of the time claimed unnecessary.

Ku and Mussman, P.A. has requested compensation for 304.60 hours of attorney time incurred relating to removing the barriers at the 14th Street facility at $300.00 per hour for a total of $91,380.00.

The undersigned recommends that the plaintiff recover 304.60 hours at a rate of $300.00 per hour for the work done by Ku and Mussman, P.A. ($91,380.00), and $2,062.50 for the work done by Kanner and Whiteley on the fee application for a total of $93,442.50 ($91,380.00 and $2,062.50) in attorneys fees.

## Entitlement to Litigation Expenses and Costs

The plaintiffs are seeking to recover $12,448.92 in costs. The plaintiff submitted billing records in support of this request. Specific costs which may be awarded are set forth in Rule 54, Fed.R.Civ.P., and 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under § 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under § 1828 of this title

28 U.S.C. § 1920.  Generally, "the trial court in the exercise of a [sic] sound discretion may tax all reasonable expenses incurred by a prevailing party under the … headings listed in §1920 and under Rule 54(d)."  Principe v. McDonald's Corp., 95 F.R.D. 34, 36 (E.D. Va. 1982).

The defendant argues that the costs should be reduced by $10,352.90 because costs in this amount were incurred after the Offer of Judgment.  The defendant also argues that the Court should only award litigation fees that are reasonable, such as expert fees.  The defendant does not make specific objections to the requested costs.  As noted above, the undersigned finds that the plaintiff had a legitimate reason not to accept the Offer of Judgment, and plaintiff's costs should not be reduced for failing to accept the Offer.  The taxation of costs is left to the discretion of the court.  Trammell Real Estate Corp. v. Trammell, 748 F.2d 1516, 1517 (11th Cir. 1984).  The law firm of Kanner and Whiteley requests costs in the amount of $5,585.22 on page 34 of exhibit K to the motion and $6,863.70 in costs on page 36 of exhibit K to the motion, for a total of $12,448.92.  The other two law firms who performed work on this case for the plaintiff, did not submit records for costs.

This case settled on October 30, 2009.  The work on the fees motion began in early November 2009.  The only costs charges dated after the date that this case settled (October 30, 2009) were for two deposition transcripts that do not appear to be related to the motion for fees in this matter.  The undersigned only recommends fees be awarded to Kanner and Whiteley for work related to the fees motion.  Because the

law firm of Kanner and Whitley is not entitled to recover the other requested fees, Kanner and Whiteley is not entitled to recover the costs related to work other than work on the fees motion. Accordingly, the undersigned recommends that the plaintiffs recover no costs.

## Entitlement to Expert Fees and Costs

Expert fees, like attorney fees, may be awarded in ADA cases, but only if a court determines that they are reasonable. Guckenberger v. Boston Univ., 8 F. Supp. 2d 91, 111-12 (D. Mass. 1998) (declining to award expert fees for lack of any indication of expert's rate, hours expended, nature of work, tasks performed, date work was completed, or anything other than total charge). The undersigned notes that 28 U.S.C. § 1920 does not govern expert costs in ADA litigation. The plaintiff may recover these fees, even if the expert is not court appointed.

The plaintiff had two types of experts in this matter, a compliance expert and a financial expert. In the Motion for Fees, the plaintiff asks to recover $41,100.00 in expert fees. The plaintiff claims recovery for Michael Clark of Able Access, retained by the plaintiff for ADA consulting services at $225.00 (75 hours) and $275.00 (4 hours) per hour in the amount of $17,975.00, and Robert Trout and D. McIntosh of Lit.Econ LLP, the plaintiff's financial expert at $425.00 per hour for Robert Trout and at $175.00 per hour for D. McIntosh in the amount of $14,430.00. The invoices provided total $32,405.00 for expert fees, not the $41,100.00 in expert fees requested in the plaintiff's motion on page 24.

The defendant argues that the plaintiff should only be awarded expert fees that are reasonable and that the plaintiff should not recover $14,625.00 of the $17,975.00 in fees requested by the plaintiff for Michael Clark of Able Access because the plaintiff; (1) should not recover the expert fees dating after the Offer of Judgment; (2) the documentation submitted in support of the plaintiff's request for expert fees is not adequate, as the documentation does not provide any explanation for the tasks performed; and (3) the plaintiff may not recover expert costs regarding the properties the plaintiff lacked standing to sue. As noted above, the undersigned found that the plaintiff had a legitimate reason to reject the Offer of Judgment, and should not be denied his expert fees for doing so.

The undersigned finds that with respect to Michael Clark of Able Access, the invoices submitted are adequate and provide adequate explanation for the tasks performed by Michael Clark of Able Access. The undersigned further finds, as outlined below, that the plaintiff may not recover for the work done by Michael Clark of Able Access that relates to the facilities for which the plaintiff did not have standing to sue.

The plaintiff submitted two invoices of Michael Clark of Able Access as part of exhibit P in support of the Motion for Fees. The first invoice is dated October 22, 2009, in the amount of $1,100.00 for the Public Storage Deposition. The second invoice is dated October 7, 2009, in the amount of $16,875.00 for time spent by Michael Clark of Able Access at eight different facilities. In addition to showing time spent by Michael Clark of Able Access, at the 14th Street facility on August 20, 2009, the October 7, 2009, invoice also shows time spent by Michael Clark of Able Access, at the other seven facilities, for which the plaintiff did not have standing to sue. The total amount charged

on the October 7, 2009, invoice for the time spent at the other seven facilities is $14,625.00 and the total amount charged for time spent by Michael Clark of Able Access at the 14th Street facility is $2,250.00.  The plaintiff is not entitled to the expert fees charged by Michael Clark of Able Access for the seven facilities for which the plaintiff did not have standing.  The undersigned recommends that the expert fees for Michael Clark of Able Access be awarded in the amount of $1,100.00 for the deposition and $2,250.00 for the work at the 14th Street facility, for a total award for Michael Clark of Able Access in the amount of $3,350.00.

The plaintiff submits an invoice in the amount of $9,245.00 dated November 8, 2009, and an invoice in the amount of $5,185.00 dated October 8, 2009, for the work performed by Lit.Econ in this matter.  The invoices submitted do not provide an adequate explanation of the tasks performed by Lit.Econ in this matter.  Moreover, because the invoices lack sufficient detail, the undersigned is unable to determine if the work done by Lit.Econ relates to all eight facilities or just the 14th Street facility for which the plaintiff had standing to sue.  Accordingly, the undersigned finds that the plaintiff is not entitled to recover the expert fees of Lit.Econ.

In accordance with the foregoing, the undersigned recommends a total award of $3,350.00 in expert fees for the work done by Michael Clark of Able Access.

## CONCLUSION

In accordance with the foregoing, it is hereby

**RESPECTFULLY RECOMMENDED** that the Plaintiff's Motion for Attorneys' Fees, Litigation Expenses and Costs (DE # 116, 12/2/09) be **GRANTED IN PART AND**

**DENIED IN PART.** The undersigned recommends that an award of fees and costs be entered in favor of the plaintiffs and against the defendant as set forth below:

$ $93,442.50 for attorneys fees.

$ 0.00 for attorney's litigation expenses and costs.

$ 3,350.00 for expert's fees.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul C. Huck, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. *See* LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *See also*, RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida, this 27th day of April, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Court Judge Huck
Counsel of record